**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
AT COVINGTON**

| | | |
|---|---|---|
| **JAMES CLEMONS**, | ) | |
| | ) | |
| Plaintiff, | ) | No. _____ |
| | ) | |
| vs. | ) | |
| | ) | Removed from Campbell Circuit |
| **HILLSHIRE BRANDS COMPANY**, | ) | Court, Case No. 20-CI-915 |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant The Hillshire Brands Company ("Defendant"), by and through counsel, hereby files this Notice of Removal, for the purpose of removing to the United States District Court for the Eastern District of Kentucky at Covington, the action styled, *James Clemons v. Hillshire Brands Company,* Case No. 20-CI-915 (the "State Court Action"), currently pending in Campbell Circuit Court, in Newport, Kentucky. As Defendant shows herein, removal of this case to federal court is timely and proper based on federal-question jurisdiction, diversity jurisdiction, and as necessary supplemental jurisdiction. As grounds for removal, Defendant states as follows:

1. Plaintiff James Clemons ("Plaintiff") sued Defendant in Campbell Circuit Court on December 14, 2020, by filing his Complaint in the State Court Action. Plaintiff's Complaint ("the Complaint") filed in the State Court Action is attached hereto as **Exhibit A**. Defendant received service on January 7, 2021, and thus, this removal is within 30 days of service of the Complaint.

2. In the Complaint, Plaintiff purports to set forth six claims: (1) Family and Medical Leave Act (FMLA) interference; (2) FMLA retaliation; (3) Americans with Disabilities Act (ADA) and Kentucky Civil Rights Act (KCRA) disability discrimination – wrongful termination; (4) ADA and KCRA disability discrimination – failure to accommodate; (5) ADA and KCRA retaliation; and (6) wrongful termination in violation of public policy.

### FEDERAL QUESTION

3. In Counts I, II, III, IV, and V of the Complaint,[1] Plaintiff specifically references and invokes federal statues: the FMLA (Counts I and II) and the ADA (Counts III, IV, and V).

4. The claims founded on federal statutes give this Court original jurisdiction over those claims, pursuant to 28 U.S.C. § 1441(1).

5. Accordingly, this matter is removable under federal-question jurisdiction.

### DIVERSITY OF CITIZENSHIP

6. The Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332 by reason of complete diversity jurisdiction of the parties.

7. For diversity purposes a corporation "shall be deemed a citizen of any State by which it has been incorporated, and of the State where it has its principal place of business." *See* 28 U.S.C. § 1332(c)(1). Defendant is a Maryland corporation with principal

---

[1] The Complaint contains a typographical error such that there are two counts designated as "Count IV." Defendant refers to the counts as though there was no typographical error.

place of business in Arkansas or Illinois. As such, Defendant is a citizen of Maryland and Arkansas or Illinois.

8. Based upon the Complaint and Plaintiff's representations as to his address and residence, he is a citizen of the Commonwealth of Kentucky. *See* **Exhibit A** at ¶ 1.

9. Thus, the parties are completely diverse for the purposes of jurisdiction.

**AMOUNT IN CONTROVERSY EXCEEDS JURISDICTIONAL REQUIREMENTS**

10. Although Plaintiff does not articulate a specific amount of damages, the damages claimed by her plainly exceed $75,000.00 exclusive of interests and costs.

11. Specifically, Plaintiff seeks, in this language of his Complaint, the following relief: "Compensatory damages"; "Damages in the form of back pay"; "Damages in the form of front pay"; "Damages for emotional distress"; "Pre- and post-judgment interest on compensatory damages, damages for back pay, damages for front pay, and emotional distress damages"; "Lost benefits"; "An award of his attorney's fees, and costs"; and "An award of punitive damages[.]" *See* **Exhibit A**.

12. To begin, Plaintiff purportedly seeks back pay and benefits and front pay.[2] Plaintiff worked for Defendant as a Production Supervisor until December 20, 2019, when his employment was terminated. His 2019 W-2 shows wages of $54,222.82. Where Plaintiff initiated this lawsuit in December 2020, and this matter being removed to federal court now, it is reasonable to presume that, even under an expedited schedule and not allowing for any COVID-19 delays, any trial would not occur prior to eighteen months into

---

[2] Defendant denies that Plaintiff is entitled to any damages of any nature. The calculations included herein apply only to the amount in controversy and should not be construed as any concession by Defendant.

3

the future, easily reaching June 2022. Based on Plaintiff's 2019 wages, his back pay damages alone would total $135,557.05. Incorporating an additional one year of front pay yields a combined total of $189,779.87.

13. Plaintiff further seeks past and present lost benefits and front benefits. Based on the Bureau of Labor Statistics' recent data that benefits cost 32% of wages, *see* https://www.bls.gov/news.release/ecec.nr0.htm, Defendant adds 32% of alleged back pay damages, or $43,378.25. Thus, on back wages and benefits alone, the claimed damages exceed the amount in controversy.

14. Plaintiff further seeks compensatory damages for alleged emotional distress. Plaintiff's claim for these alleged damages alone exceeds the jurisdictional threshold given the Kentucky Civil Rights Act does not limit the amount of compensatory damages that a plaintiff may recover. *See* KRS § 344.450 (allowing recovery of actual damages, and placing no limit upon the amount of said recovery). Kentucky juries have awarded six figures in compensatory damages on similar claims. *See, e.g., Marshall v. The Rawlings Co., LLC,* No. 3:14-CV-00359-TBR, DE #234 (Memorandum Opinion & Order summarizing verdicts in case history and confirming $75,000 in "pain and suffering" damages on two separate claims, where plaintiff brought various FMLA and ADA theories). Based on this precedent, the amount in controversy fairly and conservatively includes $75,000 for compensatory damages.

15. Finally, the amount in controversy requirement is further met by Plaintiff seeking attorney fees as authorized by statute for his FMLA, ADA, and KCRA claims. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369 (6th Cir. 2007); *Carrolton Hospitality LLC*

4

*v. Kentucky Insight Partners II* LP, No. 13-CV-21-GFVT, 2013 WL 5934638, at *4 (E.D. Ky. Oct. 31, 2013) (slip copy) (holding that estimated attorney fees of close to 50% of damages claims is "not an unreasonable estimate" for the purposes of determining the amount in controversy). Based on the conservative calculations above totaling $308,158.12 relative to the amount in controversy, under District Judge Van Tatenhove's 50% time-of-removal calculus, Plaintiff's request for attorney fees yields an addition $154,079.06 to the amount in controversy.

16. In all, removal is proper because the amount in controversy far exceeds the amount specified in 28 U.S.C. § 1332(a). *See Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547 (2014) (explaining that a short and plain statement regarding the amount in controversy is all that is required for removal).

17. In summary, the Court has jurisdiction pursuant to 28 U.S.C. § 1332 for all six claims because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

## SUPPLEMENTAL JURISDICTION

18. To the extent the Court disagrees that it possesses jurisdiction over any claim pled by Plaintiff, the Court has supplemental jurisdiction over these claims.

19. Each of Plaintiff's claims is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." See 28 U.S.C. § 1367(a). Specifically, all six claims asserted by Plaintiff relate to the same alleged events – alleged mistreatment of Plaintiff regarding his employment, including his termination therefrom.

Wherefore, Defendant prays that this Court assume control over this action as this action is properly removed on the grounds of federal-question and diversity jurisdiction and, if necessary, supplemental jurisdiction.

This 4th day of February, 2021.

Respectfully submitted,

*/s/ Jay Inman*
Jay Inman
Littler Mendelson, P.S.C.
333 West Vine Street, Suite 1720
Lexington, KY 40507
Telephone: (859) 317-7970
jinman@littler.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this the 4th day of February, 2021, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system, and have served the following persons via electronic transmittal due to the current COVID-19 pandemic:

Justin Whittaker
WHITTAKER LAW, LLC
1431 Walnut Street
Cincinnati, Ohio 45202
(513) 259-3758
(513) 436-0698 Fax
Justin@WhittakerLawFirm.com

                                                                               */s/ Jay Inman*
                                                                               Jay Inman